An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63065

**FILED**

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court granting the State's motion to dismiss the case. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant David Brown claims that the district court erred by allowing the State to dismiss the information and terminate its prosecution of this case without prejudice. Brown argues that the State circumvented the pretrial rulings denying its motion for a continuance and excluding its expert witness by obtaining an indictment so that it could start the case anew in a different judicial department. And Brown asserts that the State acted with conscious indifference to his procedural rights and that his constitutional right to a speedy trial was violated. Brown previously presented these claims in a petition for a writ of mandamus.

NRS 178.554 allows the State to dismiss an indictment, information, or complaint with leave of the district court. Dismissal under this statute bars a subsequent prosecution for the same offense, NRS 178.562(1), unless the State demonstrates good cause and the district

13-31162

court enters written findings and an order allowing the State to proceed with a second prosecution, NRS 174.085(7). However, where the State has brought dual proceedings against an accused for the same offense, it may elect to proceed with one of the pending proceedings and dismiss the other without implicating NRS 178.562(1). *Thompson v. State*, 125 Nev. 807, 812, 221 P.3d 708, 712 (2009). This is because "as a general matter, there is no prejudice to an accused when one of two pending vehicles for prosecution is dismissed, leaving him accused by only one." *Id.* at 811, 221 P.3d at 711 (internal quotation marks omitted).

Here, the State filed an information following the preliminary hearing and later obtained an indictment from the Grand Jury. The information and the indictment were assigned to different judicial departments and the indictment alleged additional offenses. Both proceedings were pending against Brown when the State elected to proceed solely on the indictment. The district court heard argument on the State's election: the State argued that it was entitled to dismiss the information and Brown argued that the dismissal would violate his constitutional right to a speedy trial. The district court ruled that the State could dismiss the information pursuant to *Thompson* and Brown could pursue his speedy-trial claim in the other judicial department.

Brown challenged the district court's ruling in an original petition for a writ of mandamus. We determined that the district court had a duty to rule on Brown's constitutional speedy-trial claim because it was in the best position to make the factual inquiry necessary to resolve

the claim, and it could expeditiously dismiss the information with prejudice if the claim was valid.[1] Accordingly, we issued a writ of mandamus instructing the district court to hold a hearing and determine whether Brown was deprived of his constitutional right to a speedy trial. The district court has since conducted a hearing and entered orders finding that Brown's constitutional right to a speedy trial was not violated and granting the State's motion to dismiss the case.

"[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). There is no established length of delay which is automatically presumed to be prejudicial. *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972). However, courts have generally found post-accusation delays to be presumptively prejudicial as they approach the one-year mark. *Doggett*, 505 U.S. at 652 n.1.

The record reveals that Brown was accused by way of criminal complaint on or about August 20, 2012, and that his trial was set for January 22, 2013. Therefore, the post-accusation delay was 156 days. The district court made findings that the State was allowed to continue the preliminary hearing, Brown filed and later withdrew a petition for a

_____

[1]We also determined that "[a]ny claim alleging conscious indifference to petitioner's procedural rights should be brought in a challenge to the subsequent indictment." *Brown v. Eighth Judicial Dist. Court*, Docket No. 62619 (Order Granting Petition in Part, March 13, 2013), at 2 n.1.

writ of habeas corpus, and a hearing on the State's motion to consolidate cases was continued. We conclude that the 156-day delay did not trigger a speedy-trial analysis and, because Brown had not been deprived of his constitutional right to a speedy trial at the time when the information was dismissed, the district court did not err by allowing the State to voluntarily dismiss the information without prejudice. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Michael Villani, District Judge
       Bush & Levy, LLC
       Oronoz & Ericsson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk